IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD DEAN McCALL,

Petitioner,

v.

SHARON BLACKETTER, Superintendent, Eastern Oregon Correctional Institution,

Respondent.

CV. 06-1059-KI

OPINION AND ORDER

Rankin Johnson IV
714 SW 20th Place
Portland, Oregon, 97205

Attorney for Petitioner

Hardy Myers
Attorney General
Lynn David Larsen
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

Attorneys for Respondent

KING, Judge

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition is denied and this proceeding is dismissed, with prejudice.

**BACKGROUND**

On July 22, 1999, petitioner was convicted of Robbery in the First Degree pursuant to his plea of no contest. Petitioner was sentenced to 160 months imprisonment.

Petitioner filed an appeal challenging the constitutionality of his departure sentence. Petitioner's sentence was affirmed by the Oregon Court of Appeals. State v. McCall, 166 Or. App. 676, 4 P.3d 775 (2000). Petitioner did not seek review by the Oregon Supreme Court. The appellate judgment issued on June 29, 2000.

On October 15, 2001, attorney Martin Habekost filed a state petition for post-conviction relief on behalf of petitioner in Marion County Circuit Court. The post-conviction court denied relief, and the Oregon Court of Appeals summarily affirmed. Petitioner did not seek review by the Oregon Supreme Court. The appellate judgment issued on November 29, 2004.

On November 10, 2004, petitioner filed a *pro se*, successive state petition for post-conviction relief in Umatilla County Circuit Court. Attorney Mark Mordini was appointed to represent petitioner. The post-conviction court denied relief, the Oregon

Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. The appellate judgment issued on March 17, 2006.

On or about July 17, 2006, petitioner filed the instant proceeding alleging that he received ineffective assistance of counsel and that his plea was not knowing and voluntary.

**DISCUSSION**

Respondent moves to deny the petition on the basis that it is untimely. Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Petitioner concedes that, absent equitable tolling, his habeas petition is untimely. Petitioner argues that equitable tolling is appropriate because "the initial 383-day delay[1] was caused by petitioner's [post-conviction] counsel, [Martin] Habekost." (Id.)

---

[1] In her reply, respondent argues that more than 383 days accrued between the date petitioner's direct appeal became final and the date petitioner filed his first state post-conviction proceeding. In this regard, respondent argues that the 90-day period in which to file a petition for *certiorari* should not be included in the time calculation because petitioner could not have sought *certiorari* due to his failure to petition the Oregon Supreme Court for review. Under either scenario, petitioner's federal petition is untimely. Accordingly, I do not address this additional 90-day delay.

Petitioner asserts that prior to the expiration of the one-year federal limitation period, an attorney handling petitioner's federal criminal matter "informed Habekost that it was important to file the [state] post-conviction petition before the end of that year" in order to protect petitioner's right to seek federal relief. (Id. at 14.) Petitioner concludes that counsel's failure to do so was so "egregious as to warrant equitable tolling." (Id.)

The Ninth Circuit has held that the federal habeas corpus limitation period may be equitably tolled upon a showing that (1) petitioner diligently pursued his rights; and (2) some extraordinary circumstance stood in his way and prevented timely filing. Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); see also Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007). The proper resolution of petitioner's equitable tolling argument requires a fact-specific inquiry. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

As noted above, petitioner concedes that his petition is untimely but argues that he is entitled to equitable tolling because Mr. Habekost was informed of the need to file the state post-conviction petition within one year of the appellate judgment, for statutory tolling purposes, but failed to do so. However, petitioner provides no factual details to support a finding that counsel's conduct went beyond ordinary negligence. It is well settled that ordinary negligence on the part of post-conviction

counsel is not grounds for equitable tolling. Lawrence, 127 S.Ct. at 1085; Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002); but see Spitsyn, 345 F.3d at 801-02 (counsel's complete failure to file federal habeas petition on behalf of client (despite his timely retention and petitioner's repeated requests to do so), combined with counsel's subsequent failure to return file to petitioner until after the expiration of the limitation period constituted sufficiently egregious circumstances to warrant equitable tolling).

Moreover, petitioner offers no evidence that he exercised reasonable diligence under the circumstances. Petitioner does not allege that he made any attempts to contact state post-conviction counsel prior to the expiration of the federal limitation period, or that he attempted to file a *pro se* federal habeas petition on his own behalf. Further, petitioner failed to demonstrate diligence after the completion of the second state post-conviction proceeding when he took over four months to file his federal habeas petition after entry of the state appellate judgment.

Accordingly, I conclude that petitioner's petition for writ of habeas corpus is untimely, that petitioner has failed to demonstrate a sufficient basis for equitable tolling, and that an evidentiary hearing is not warranted due to petitioner's failure to make sufficient good faith allegations which would, if true, entitle him to equitable tolling. Roy v. Lampert, 465 F.3d 964,

969 (9th Cir. 2006), cert. denied, 127 S.Ct. 1880 (2007). Petitioner's request to certify a question to the Oregon Supreme Court concerning his procedural default of available state remedies, and motion to expand the record (#23) are denied as moot.

**CONCLUSION**

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED. Petitioner's motion to expand the record (#23) is DENIED AS MOOT. This proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 16th day of July, 2008.

/s/ Garr M. King
Garr M. King
United States District Judge